# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
___

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

August 16, 2021

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. LaShann DeArcy Hall, U.S.D.J.
225 Cadman Plaza East
Courtroom 4H North
Brooklyn, NY 11201-1804

  *Re*: **Gallardo v. IEH Corp.,** *et al.*
    **Case No.: 1:21-cv-3257 (LDH) (TAM)**
    <u>**MLLG File No.: 111-2021**</u>

Dear Judge Hall:

  This office represents the Defendants in the above-referenced case. This letter shall serve as Defendants' letter motion for a pre-motion conference in anticipation of their motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## Plaintiff's FFCRA Claims Fail to State a Claim for Relief and Must be Dismissed

  Plaintiff alleges she requested and received leave beginning on December 23, 2020 through April 1, 2021 to care for her child; and (2) was terminated on March 29, 2021 in retaliation for making this request and taking leave.

  Plaintiff further alleges that in March 2020, after public schools closed due to the pandemic, she asked IEH whether she may work remotely. Complaint ¶¶ 50-51. IEH approved her request, and she worked remotely. <u>Id.</u> At an unidentified time, Defendant Craig stated that someone of her title – an Accounting Clerk – should not be working remotely. <u>Id.</u> at ¶¶ 10, 52.

  She also alleges that she requested leave under the Family Medical Leave Act ("FMLA") on December 23, 2020 – seven (7) months later – because Defendant Craig constantly made negative comments about Plaintiff working remotely and because she needed leave to take care of her child who was attending school remotely due to the COVID-19 pandemic. <u>Id.</u> at ¶¶ 53-54. Plaintiff's request was granted under the FFCRA. <u>Id.</u> at ¶¶ 55-56. On March 29, 2021, Plaintiff was terminated due to the elimination of her position. <u>Id.</u> at ¶ 58. She asserts that she was terminated while on "protected leave," and in retaliation for her "good-faith complaints of discrimination and harassment."[1]  <u>Id.</u> at ¶ 61.

---

[1] These "complaints" of discrimination and retaliation, all of which she claims violate the NYSHRL, are addressed below. Notably, none of these complaints have anything to do with Plaintiff's request for leave under the FFCRA, which was made in December 2020. Similarly, any alleged comments Defendant Craig made about Plaintiff working

The Emergency Paid Sick Leave Act ("EPSLA"), effective April 1 through December 31, 2020,[2] required an employer to provide an employee with up to eighty (80) hours of paid sick leave when the employee could not work or telework because, as relevant here, the employee was caring for a child of such employee if the school or place of care of the child was closed, or the child care provider of such son or daughter was unavailable, due to COVID-19 precautions, and up to an additional ten (10) weeks of paid expanded family and medical leave where an employee was unable to work due to a *bona fide* need for leave to care for a child whose school or child care provider was closed or unavailable for reasons related to COVID-19.

The United States Department of Labor's ("USDOL") regulations interpreting the Emergency Paid Sick Leave Act ("EPSLA"), which was effective April 1 through December 31, 2020, required an employee to provide certain information to support her request for EPSLA leave. Id.  An employee who requested leave to care for a child due to the COVID-related unavailability of the child's usual care provider needed to provide the name of the child, the name of the unavailable child care provider, and "[a] representation that no other suitable person will be caring for the Son or Daughter during the period for which the Employee takes" leave. Id. § 826.100(e).

Plaintiff was not entitled to any leave under the FFCRA past December 31, 2020, when the statute expired – eight (8) days after her alleged request for leave.  Plaintiff was not entitled to leave under the FFCRA commencing December 23, 2020 through the expiration of the FFCRA on December 31, 2010 because schools were closed during that week because of winter break, **not because of Covid-19**.  Therefore, during that week, Plaintiff did not need to take a leave of absence to care for her child who was attending school remotely; she wanted to take time off from work during her child's winter break.  Accordingly, because the FFCRA expired eight (8) days after Plaintiff allegedly requested FFCRA leave but during those eight days schools were scheduled to be closed before COVID-19 struck, there was no leave under FFCRA to which Plaintiff was entitled.

Moreover, Plaintiff's complaint fails to establish her entitlement to FFCRA leave as Plaintiff altogether failed to allege that she provided her name, the date(s) for which she requested leave, the qualifying reason for the leave, and an oral or written statement that she was unable to work because of the qualified reason for leave, nor did she provide the name of her child, the name of the unavailable child care provider, and a representation that no other suitable person will be caring for her child during the period for which she takes leave.

Plaintiff's retaliation claim fares no better.  The retaliation claim must be dismissed because Plaintiff fails to allege she took valid leave pursuant to the FFCRA, which is a precondition for success on a retaliation claim.  Moreover, the complaint fails to allege any causal connection between her request for FFCRA leave and her termination.

---

remotely occurred *prior to* December 2020 and have nothing to do whatsoever with her request for leave at the end of December 2020.

[2] See FFCRA, Pub L. 116-127, §§ 5108, 5109, 134 Stat 178, 198; 29 C.F.R. § 826.10(b)(1).

**The NYSHRL Claims Fail to State a Claim for Relief &**
**Otherwise Lack a Common Nucleus of Operative Facts with the FFCRA Claims**

Plaintiff alleges a comment was made about "single mothers" which is a stray remark not connected to any adverse employment action. Plaintiff also alleges she complained about her duties being modified and the change in reporting structure and that Defendant Graham made a comment that she will not be around longer if she cannot accept the change in reporting structure. These alleged comments had nothing to do with her protected classes nor do they constitute an adverse employment. See Karibian v. Columbia Univ., 14 F.3d 773, 778 (2d Cir. 1994) (holding that there must be a link between the alleged discrimination and some "tangible job benefits" such as "compensation, terms, conditions or privileges" of employment). As such, Plaintiff fails to make out a *prima facie* claim under the NYSHRL for discrimination or retaliation.

In the event that the NYSHRL claims are not dismissed for failure to state a claim, this Court should not exercise supplemental jurisdiction over said claims as they have no connection to her FFCRA claims, as required under 28 U.S.C. § 1376.

**The ERISA/COBRA Claims Must be Dismissed**

Plaintiff complains that she did not receive notice of her rights under COBRA. However, Plaintiff's COBRA claim must be dismissed for failure to name the plan administrator as a defendant, as she only conclusory alleges that Defendant is the plan sponsor and plan administrator without any supporting facts. See Guzman v. Macy's Retail Holdings, Inc., No. 09-CIV.-4472 (PGG), 2010 WL 1222044, at *8 (S.D.N.Y. Mar. 29, 2010). Moreover, Plaintiff lacks standing as she fails to allege any damages and – crucially – that she has, in fact, been deprived of the ability to continue her health coverage. This is because she cannot do so, as IEH has continued Plaintiff's health insurance coverage through ARPA.

**The NYLL § 195 & New York Insurance Law Claims Must Be Dismissed**

NYLL § 195 does not give rise to a private right of action. See Chimarev v. TD Waterhouse Investor Servs., 99 Fed. Appx. 259, 2004 WL 1013320 (2d Cir. 2004). Moreover, IEH cannot be required to pay a penalty under NYLL § 195 for failure to provide a wage notice unless Plaintiff establishes she was not paid all wages owed to her. See NYLL § 198. Neither does the New York Insurance Law claim. See Kamins v. United Healthcare Ins. Co. of N.Y., Inc., 2019 NY Slip Op 02507 (2d Dept. 2019). Further, like the NYSHRL claims, the Court must decline to exercise supplemental jurisdiction over these state law claims.

Accordingly, Defendants respectfully submit Defendants' letter motion for a pre-motion conference be granted such that a briefing schedule may be entered into for Defendants' anticipated motion. Defendants thank this honorable Court for its time and attention to this case.

                      **MILMAN LABUDA LAW GROUP PLLC**
                      ___/s_____
                      Jamie S. Felsen, Esq.
                      Emanuel Kataev, Esq.