

Nadia M. Pervez, Esq.
Aneeba Rehman, Esq

**August 19, 2021**

*Via ECF*
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Gallardo v. IEH Corp., et al.*
        **Index No.: 1:21-cv-3257 (LDH)(TAM)**

Dear Honorable Judge Hall:

This firm represents Plaintiff Carina Gallardo ("Plaintiff") in the above referenced action. Plaintiff writes this letter in opposition to Defendants' August 16, 2021 letter request for a pre-answer motion conference.

***Standard of Review***

Fed. R. Civ. P. § 12(b)(6) dismissal is based upon a determination that the facts and legal basis alleged in the Complaint fail to make out a claim upon which relief may be granted. "To survive a motion to dismiss under Fed. R. Civ. P. § 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In deciding a motion to dismiss, courts must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *L.C. v. LeFrak Org., Inc.*, 987 F. Supp. 2d 391, 398 (S.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)). Therefore, the issue before the Court is not whether Plaintiff will prevail but whether Plaintiffs is entitled to offer evidence to support her claims. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Here, the four corners of the Complaint clearly establish that Plaintiff is entitled to offer evidence to support her claims. Accordingly, Defendants' premature premotion conference letter requesting leave to file a motion to dismiss should be denied.

**Plaintiff's FFCRA Claims State a Claim for Relief**

Defendants allege that Plaintiff's FFCRA claims must be dismissed because Plaintiff requested leave on December 23, 2020 and the "statute expired – eight (8) days after her alleged request for leave." Firstly, based on Defendants own admission, the leave was requested before

the "statute expired" and therefore was timely. The fact that the leave allegedly "expired" after the request was made does not invalidate the request. Secondly, it is simply factually inaccurate to say that the "statute expired" on December 31, 2020. Under the American Rescue Plan Act signed by President Biden in early 2021, FFCRA leave was eventually extended through September 30, 2021, giving employers the option of providing paid sick leave in exchange for tax credits.  Thirdly, Defendants approved Plaintiff's leave and expressly told her to return on March 17, 2021. Complaint ¶ 55. In a memo to Plaintiff dated December 27, 2020, Defendants wrote that Plaintiff's request for FMLA leave was denied but that she qualifies for "paid leave under the Families First Coronavirus Response Act extended FMLA leave and (you) will be paid such leave for up to twelve (12) weeks…." Complaint ¶ 55.  The memo further states Plaintiff "took leave on December 23, 3030 and are thus required to work on March 17, 2021.  However, in the company's sole discretion, you are schedule to return to work on April 1, 2021."  There is no doubt that Plaintiff's leave was approved.

Defendants **now** argue that Plaintiff did not establish her entitlement to FFCRA because she failed to provide information such as the name of the child, dates of leave and the qualifying reason behind it. It begs the question as to why Plaintiff's leave was approved  by Defendants if she was not qualified to take it.  It is clear that Defendants are grasping at straws to defend their unlawful conduct.  It is worth noting that Defendants falsely accuse Plaintiff of not requesting leave and falsely state that the leave was not approved. This is a misleading argument at best, and purposefully deceitful at worst. Furthermore, if in fact any of the arguments advanced by Defendants are proven to be true, they are factual arguments that are not appropriate for a motion to dismiss.

Defendants argue that the FFCRA retaliation claim is predicated on an unsuccessful FFCRA claim and therefore must be dismissed. Given the above, Plaintiff has satisfactorily made a showing of a valid FFCRA claim and therefore, the retaliation claim must stand. Plaintiff requested FFCRA leave to care for her child.  The causal connection between her termination and her request for FFCRA leave lies in the fact that she requested leave because she needed to care for a minor child, on the account of her being a single mother and sole caretaker for her child, and the fact that due to the pandemic, her child was home.  Her Employer made it clear that continuing to work remotely was not a viable option – although she was already working remotely - leaving her no choice but to request leave.

### Plaintiff's NYSHRL Claims State a Claim for Relief

At the pleading stage, under the SHRL, "a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). Plaintiff has done exactly this. Plaintiff properly pleads that she is a woman who is married but separated and a mother (Complaint ¶ 17) and pleads that she was discriminated against because of her protected classes. Complaint ¶¶ 93, 98, 104. She pled that there were discriminatory comments and actions made on account of her participation in a protected class.

Defendants seemingly argue that Defendant Graham's comments about single mothers had nothing to do with her protected class.  Comments regarding single mothers are clearly directed at the fact that Plaintiff is a woman and raising a child on her own. But for the

harassment and discrimination Plaintiff faced on account of her protected class, she was being forced back to work in the office despite already working remotely. She had no choice then but to request leave which led to the eventual termination- the adverse employment action. Therefore, for the purposes of a motion to dismiss, Plaintiff has sufficiently pled a claim for which relief can be granted.

**Plaintiff's ERISA/COBRA Claims Should Not be Dismissed**

Defendants state that they did not fail to issue a notice of termination of healthcare benefits because there was no termination of healthcare benefits. Plaintiff is perplexed by this argument. In her termination documents and correspondence with IEH after her termination, Plaintiff was never informed of her benefit rights after her termination or if they would continue. Plaintiff specifically asked about the continuation of her and her child's health insurance when she met with Human Resources regarding her termination and was provided no information. Additionally, this disagreement regarding the facts demonstrates that a motion to dismiss is not appropriate at this stage.

Defendant also claims that Plaintiff did not allege, in the Complaint, a violation against the "plan administrator". Plaintiff did, in fact, plead that the Defendant is the plan administrator. (Complaint ¶ 118). Defendant cites to a case, *Guzman v. Macy's Retail Holdings, Inc*. 2010, WL 1222044, where the plaintiff failed to name the Defendant as a plan administrator and was granted leave to amend the complaint. This is not the case here, however, Plaintiff requests leave to amend the Complaint if the Court finds the pleading deficient.

**The NYLL Claims Also Should Not be Dismissed**

Defendants argue that there is no private right of action under NYLL §195. This is only true for §195(2), (4), and (5). See *Farmer v. Fzoad*, 2020 U.S. Dist. LEXIS 140935 (citing *Chan v. Big Geyser, Inc.,* 2018 U.S. Dist. LEXIS 14829 (S.D.N.Y. Aug. 30, 2018); *Kone v. Joy Constr. Corp.,* 2016 U.S. Dist. LEXIS 26981 (S.D.N.Y. Mar. 3, 2016)). Plaintiff is claiming that Defendants failed to meet the notice requirement upon termination of employee's healthcare benefits. This is a violation of NYLL §195(6), which **does** have a private right of action. *See Vangas v. Montefiore Med. Ctr*., 6 F. Supp. 3d 400 (denying summary judgment on plaintiff's 195(6) claims for failing to issue a termination of benefits letter). Given that there is no explicit denial of a private right of action for this subsection and that the court has previously allowed this cause of action, Plaintiff's NYLL claim should not be dismissed.

**Conclusion**

In conclusion, Defendants' request for a pre-motion conference should be denied as their arguments have no merit.

Very Truly Yours,

/s/ Aneeba Rehman
Aneeba Rehman (AR-6404)

68 South Service Road, Suite 100, Melville New York 11747
O: 631-427-0700   F: 631-824-9020
info@pervezrehman.com   www.pervezrehman.com

Nadia M. Pervez (NP-5388)
Pervez & Rehman, P.C.
Attorneys for Plaintiffs
Pervez & Rehman, P.C.
68 South Service Rd., Suite 100
Melville, NY 11747
631-427-0700 – office
631-824-9020 - fax

cc: All counsel of record (*via* ECF)